UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KIM GORHAM a/k/a KIM DIMMAGIO,

                Plaintiff,

   -against-                                      1:09-CV-01150 (LEK/RFT)

BANK OF AMERICA, N.A.,
BAC HOME LOAN SERVICING, LP,

                Defendants.

_____

**DECISION AND ORDER**

      Plaintiff Kim Gorham brings the present action alleging violations of 24 C.F.R. § 3500.17, the Real Estate Settlement Procedures Act ("RESPA") codified as 12 U.S.C. § 2605, and claims of fraud and misrepresentation. Pl.'s First Am. Compl. ¶¶ 2, 61–63 (Dkt. No. 10). Defendants are Bank of America, N.A. ("BANA"), and BAC Home Loans Servicing, LP ("BACHILS")[1] (collectively, "Defendants").[2] Id. ¶¶ 15-16. Plaintiff asserts that both Bank of America, N.A. and BAC Home Loans Servicing, LP are federal mortgage servicers and provide mortgage loans servicing from Countrywide Home Loans. Id. ¶¶ 15–17.

      Presently before this Court is Defendants' Motion to dismiss the Complaint in its entirety. Defs.' Mot. at 1 (Dkt. No. 13). For the reasons discussed below, Defendants' Motion to dismiss

---

[1] BAC Home Loans Servicing, LP was formerly known as Countrywide Home Loans Servicing, LP. Defs.' Mem. in Supp. of Mot. to Dismiss at 1 (Dkt. No. 14).

[2] Though Defendants' Motion to dismiss identifies Countrywide Home Loans as a Defendant, Plaintiff's First Amended Complaint does not include the party as such. Defs.' Mem. in Supp. of Mot. to Dismiss (Dkt. No. 14).

is granted.

I.  **BACKGROUND**

This case is the fourth in a series brought by Plaintiff Gorham against Defendants BANA, and BACHILS. It stems from Gorham III in which this Court held that Plaintiff's February 2007 escrow statement was not subject to discovery, but that Plaintiff could re-request it from Defendants.[3] Pl.'s First Am. Compl. ¶ 10 (Dkt. No. 10). Plaintiff alleges that she has since requested copies of the February 2007 escrow analysis of her mortgage and her April 2007 escrow statement pursuant to 12 U.S.C. § 2605. Id. ¶¶ 6–7, 11. Plaintiff claims that she has not received the requested documents and asserts that Defendants have not produced them because they have failed to retain these records in violation of 24 C.F.R. § 3500.17(l). Id. ¶¶ 4, 6–7.

Plaintiff further alleges that on March 19, 2009 she sent to Defendants a qualified written request, pursuant to RESPA qualifying standards, seeking information regarding the mortgage account for her home. Id. ¶¶ 14, 18. Plaintiff further claims that she sent to Defendants additional qualified written requests demanding explanations of her escrow and 2007 escrow analysis, and requesting a copy of her April 2007 escrow statement. Id. ¶ 21. Plaintiff states that these requests sought a copy of her February 2007 escrow analysis and her April 2007 escrow statement. Id. ¶ 22. Plaintiff alleges that despite Defendants' claim that they sent her an escrow analysis in February 2007 and an escrow statement in April 2007, she has never received them. Id.

Plaintiff claims that she has not been able to obtain a copy of her 2007 escrow analysis

---

[3] Gorham-DiMaggio v. Countrywide Home Loans, Inc., 1:08-CV-00019, 2010 WL 883683, at *5 (N.D.N.Y. Mar. 8, 2010).

and escrow statement despite Defendants' duty to maintain and produce them pursuant to 24 C.F.R. § 3500.17(l). Plaintiff further claims that Defendants responded to her 2009 requests with documents which they claimed were her escrow statement and escrow analysis. Id. ¶¶ 38, 41. Plaintiff contends that these are not copies of her escrow statement and escrow analysis because they "look nothing like" the statement and analysis sent by Defendants in 2006. Id. ¶¶ 39–40.

Defendants argue that they have responded to Plaintiff's qualified written requests with a "highly detailed response (plus computer printouts of the requested information"). Defs.' Mem. in Supp. of Mot. to Dismiss at 1 (Dkt. No. 14). Defendants state that though these responses were not exact replicas of Plaintiff's escrow analysis and statement, they provided the information required by RESPA. Id. at 6–15. Further, Defendants argue that RESPA does not specify the format in which escrow information must be sent to a borrower. Id. at 17-18. Defendants contend that the regulations do not require a mortgage servicer to keep photocopies of the annual escrow statements sent to borrowers, but rather allow flexibility in how records are stored. Id. at 18.

Plaintiff alleges that Defendants have thus admitted that they failed to keep copies of her 2007 escrow analysis and escrow statement, and that the documents Defendants produced in response to Plaintiff's qualified written requests were not her escrow statement and escrow analysis. Pl.'s First Am. Compl. ¶¶ 41–42 (Dkt. No. 10).

Plaintiff further alleges fraud and misrepresentation insofar as Defendants tried to "swindle" Plaintiff by passing off the produced documents as her escrow statement and escrow analysis for 2007. Id. ¶¶ 56, 61–63.. Plaintiff asserts that these documents were produced as discovery material in Gorham III, and then separately produced in response to Plaintiff's 2009 qualified written requests. Id. ¶¶ 57–58. Plaintiff claims that these documents were identified as

her escrow statement and escrow analysis by Defendants multiple times, even though Defendants knew these were not her actual escrow statement and analysis. Id. ¶¶ 59–63. Plaintiff alleges that she relied on this purported misrepresentation by Defendants and suffered damages as a result. Id. ¶¶ 65–66. For their part, Defendants argue that BACHLS properly responded to Plaintiff's requests and fully complied with the statute, never claiming that the documents were "escrow statements." Defs.' Mem. in Supp. of Mot. to Dismiss at 2, 20 (Dkt. No. 14).

## II. STANDARD OF REVIEW

Dismissal of a complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted is proper only if a plaintiff fails to "allege in its complaint 'enough facts to state a claim to relief that is plausible on its face.'" Smartix Int'l Corp. v. MasterCard Int'l LLC, No. 08-5303, 2009 U.S. App. LEXIS 23810, at *2–3 (2d Cir. Oct. 28, 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[A] plaintiff is required only to give a defendant fair notice of what the claim is and the grounds upon which it rests." Leibowitz v. Cornell Univ., 445 F.3d 586, 591 (2d Cir. 2006). A court considering a Rule 12(b)(6) motion "must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). At this stage of an action, "'the issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998) (quoting Branham v. Meachum, 77 F.3d 626, 628 (2d Cir. 1996)).

## III. DISCUSSION

**A. 12 U.S.C. § 2605 and 24 C.F.R. § 3500.17**

Under 24 C.F.R. § 3500.17, a loan servicer is required to maintain records of each borrower's escrow account. Specifically, the regulation states:

> (1) Each servicer shall keep records, which may involve electronic storage, microfiche storage, or any method of computerized storage, so long as the information is easily retrievable, reflecting the servicer's handling of each borrower's escrow account. The servicer's records shall include, but not be limited to, the payment of amounts into and from the escrow account and the submission of initial and annual escrow account statements to the borrower.

24 C.F.R. § 3500.17 (2010). Plaintiff alleges that because the documents produced by Defendants are not in the same format as the escrow analysis and escrow statements she previously received, Defendants have not properly retained her records pursuant to the regulation. See Pl.'s First Am. Compl. ¶¶ 40, 47 (Dkt. No. 10). Plaintiff further argues that Defendants admitted to non-compliance with the regulation by stating that they failed to keep copies of Plaintiff's 2007 escrow analysis and escrow statement. Id. ¶ 42. Plaintiff asserts that Defendants alleged non-retention and non-production and have violated their duty to produce the requested documents pursuant to 12 U.S.C. § 2605. Id. ¶¶ 50–52.

Under 12 U.S.C. § 2605, a consumer may request certain information concerning that person's mortgage loan from a loan servicer by sending a qualified written request to a sevicer, which, in turn, must first acknowledge and then answer the request within twenty (20) and sixty (60) days, respectively. 12 U.S.C. § 2605 (2010). The servicer must provide the borrower with "information requested by the borrower or an explanation of why the information is unavailable or cannot be obtained by the servicer." In the instant case, Defendants have complied with that instruction. Defendants provided Plaintiff with the information, as requested, that was contained within the February 2007 escrow analysis of her mortgage and the April 2007 escrow statement,

thus acting in compliance with 24 C.F.R. § 3500.17 and 12 U.S.C. § 2605.

Plaintiff argues that Defendants have not produced her escrow information because they failed to retain it pursuant to 24 C.F.R. § 3500.17. Pl.'s Am. Compl. ¶ 47 (Dkt. No. 10). Plaintiff directs the Court's attention to the regulation which states that "each servicer *shall keep records* which may involve electronic storage, microfiche storage, or any method of computerized storage, *so long as the information is easily retrievable*." 24 C.F.R. § 3500.17 (emphasis added); Pl.'s First Am. Compl. ¶ 28 (Dkt. No. 10). Plaintiff argues that because the records are not in the same form as her 2006 escrow information, Defendants have failed to retain her records. Pl.'s First Am. Compl. ¶¶ 37–40 (Dkt. No. 10). This argument ignores the fact that the regulation recognizes that the retention of records includes "computerized storage" and that the required records are simply expected to "reflect[] the servicer's handling of each borrower's escrow account." 24 C.F.R. § 3500(l). Based on the plain text of the regulation, the information provided by Defendants in response to Plaintiff's requests complied with the terms of the regulation. The regulation does not require a servicer to keep actual photocopies, or the equivalent, of escrow statements sent to borrowers, and to infer otherwise would require the Court to go beyond the "plain meaning" of the regulation. See T.S. v. Board of Education, 10 F.3d 87, 89 (2d Cir. 1993) ("Plain meaning is ordinarily our guide to the meaning of a statutory or regulatory term.").

Finally, even if Plaintiff could succeed with her non-compliance argument under 24 C.F.R. § 3500.17 and 12 U.S.C. § 2605, she has failed to allege damages in her RESPA claim. As the Court discussed in Gorham III, "by alleging a breach of RESPA duties alone without alleging actual damages and the proximate cause of the breach of duty to those damages, Plaintiff fails to state a RESPA claim." Gorham-DiMaggio v. Countrywide Home Loans, Inc., 1:08-CV-00019 (Kahn, *J.*) 2009 WL 1748743, at *8 (N.D.N.Y. June 19, 2009) (citing Hutchinson v. Del. Sav.

Bank, FSB, 410 F. Supp. 2d 374, 382 (D. N.J. 2006)); see also Jones v. Select Portfolio Serv., Inc., 08-CA-972, 2008 WL 1820935, at *9–10 (E.D. Pa. Apr. 22, 2008) (holding that complaint failed to properly plead causation and specific damages to support the RESPA claim).  "In Hutchinson, the court found that plaintiffs' allegation that the negative credit report caused them to lose the ability to obtain and borrow another mortgage loan and other financing was sufficient to state a RESPA claim."  Gorham-DiMaggio, 2009 WL 1748743, at *8 (citing Hutchinson, 410. F. Supp. 2d at 382–83).  Here, in Plaintiff's Amended Complaint, Plaintiff merely prays for relief without specifying the injury she suffered.  Pl.'s Am. Compl. at 11, 12 (Dkt. No. 10).  Further, although Plaintiff mentions damages in her memorandum in opposition to the present Motion to dismiss, she fails to address how the alleged fraudulent misrepresentation proximately caused the "damage[s] in her mortgage, [and] damage[s] in her contractual relations."  Pl.'s Mem. in Opp'n to Defs.' Mot. at 12 (Dkt. No. 17).  Accordingly, Plaintiff's RESPA claim is dismissed.

### B. Fraud and Misrepresentation

Though Plaintiff alleges a fraud and misrepresentation claim, she provides no sound basis upon which it can stand.  In order to establish a prima facie claim of fraud under New York law, a plaintiff must show the existence of "a material, false representation, and intent to defraud thereby, and reasonable reliance on the representation, causing damage to the plaintiff."  Gorham-Dimaggio v. Countrywide Home Loans, Inc, 592 F. Supp. 2d 283, 297 (N.D.N.Y. 2008) (quoting Turtur v. Rothschild Registry Int'l Inc., 26 F.3d 304, 310 (2d Cir. 1994)); Small v. Lorillard Tobacco Co., 94 N.Y.2d 43, 57, 720 N.E.2d 892, 898, 698 N.Y.S.2d 615, 621 (1999) (citing Vermeer Owners Inc. v. Guterman, 78 N.Y.2d 1114, 1116, 585 N.E.2d 377, 378, 578 N.Y.S.2d 128, 129 (1999) ("[t]he essential elements of a fraud claim under New York law include '(1) representation of material fact, (2) falsity, (3) scienter, (4) reliance and (5) injury.'").  Plaintiff's

pleading fails to adequately allege a false representation, reasonable reliance and injury caused by the representation, and her claim must, therefore, be dismissed.

First, Plaintiff argues that Defendants misrepresented the materials they produced as her escrow statement and analysis. However, Plaintiff's own submissions demonstrate that Defendants, in fact, did not misrepresent such material. In her Complaint, Plaintiff quotes material produced by Defendants' counsel:

> Those documents are printouts of her August 2006 escrow analysis (CHL 46, 86) and printouts of her February 2007 escrow analysis (CHL 48, 71). As we have explained previously, these escrow analyses are not in the forms sent to your client originally. They were printed more recently and produced to you or your client.

Pl.'s First Am. Compl. ¶ 39 (Dkt. No. 10). It is evident that Defendants had no intention of misrepresenting and did not misrepresent Plaintiff's escrow information as copies of the original documents. Rather, Defendants specifically stated that such documents were not in their original forms.

Second, Plaintiff states that she "relied upon the representation" by Defendants of her escrow materials. Id. ¶ 65. However, a requisite element for fraud is not merely reliance, but reasonable reliance. Gorham-Dimaggio, 592 F. Supp. 2d at 297. Plaintiff fails to allege that she reasonably relied on the materials provided to her by Defendants. The very basis of Plaintiff's Complaint is that the material she received from Defendants differed from her previous 2006 escrow information. Pl.'s First Am. Compl. ¶¶ 37-40 (Dkt. No. 10). Through this allegation, Plaintiff has admitted that she was able to distinguish between the documents produced by Defendants in 2009 in response to her qualified written requests, and the escrow statement and analysis sent to her in 2006. Further, when Defendants produced the 2007 escrow information, they explicitly stated that the materials were "printouts . . . and not in the forms sent to [you]

originally." Id. ¶ 39.  Based on this information provided to Plaintiff, it is implausible that she reasonably relied on any alleged misrepresentation by Defendants that the documents they produced in 2009 were her escrow statement and analysis.

Additionally, Plaintiff fails to allege that any injury occurred as a result of Defendants' alleged fraudulent misrepresentation.  As previously discussed, in Plaintiff's Amended Complaint, she prays for relief without identifying her specific injuries.  See Id.  Further, though Plaintiff mentions damages in her memorandum in opposition to the present Motion to dismiss, she fails to address how the alleged fraudulent misrepresentation caused her to suffer "damage[s] in her mortgage, [and] damage[s] in her contractual relations."  Pl.'s Mem. in Opp'n to Defs.' Mot. at 12 (Dkt. No. 17).

Accordingly, Plaintiff has failed to establish a prima facie claim of fraud and misrepresentation, and the Court need not consider whether Plaintiff has established the other elements of the claim.  The claim is dismissed.

IV. **CONCLUSION**

For the foregoing reasons it is hereby,

**ORDERED**, that Defendants' Motion to dismiss (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

DATED:      April 28, 2010
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge